IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------- x
In re:                                                         : Chapter 11
                                                               :
PENNSYLVANIA REAL ESTATE INVESTMENT                            : Case No. 20-12737 (KBO)
TRUST, et al.,¹                                                :
                                                               : (Jointly Administered)
        Debtors.                                               :
-------------------------------------------------------------- x Re D.I. 3
```

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS (A) TO FILE A
CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE
MAILING MATRIX FOR EACH DEBTOR AND (B) TO FILE A CONSOLIDATED
LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS
AND (II) LIMITING THE REQUIREMENT AS TO CERTAIN EQUITY
SECURITY HOLDINGS DISCLOSURES**

This matter coming before this Court upon the motion (the "Motion"),² filed by the above-captioned debtors (collectively, the "Debtors") for entry of an interim order (this "Interim Order") (i) authorizing the Debtors (a) to file a single, consolidated Creditor Matrix in lieu of submitting a mailing matrix for each Debtor and (b) to file a single, consolidated Top 30 List and (ii) limiting the compliance of Pennsylvania Real Estate Investment Trust and PREIT Associates, L.P. with the requirement of Bankruptcy Rule 1007(a)(3) with respect to their respective equity security holder lists (the "Equity List"), all as further described in the Motion; and upon consideration of the First Day Declaration; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29,

---

¹ A list of the Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, is attached hereto as **Schedule 1**. The corporate headquarters and the mailing address for the Debtors is 2005 Market Street, Suite 1000, Philadelphia, PA 19103.

² Capitalized terms not otherwise defined in this Interim Order shall have the meanings set forth in the Motion.

EAST\177321170

2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"); and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Interim Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, on an interim basis, as set forth in this Interim Order.

2. The requirement that separate mailing matrices be submitted for each Debtor is waived, and the Debtors are authorized to submit a consolidated list of creditors; *provided, however*, that if any of the bankruptcy cases convert to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file and provide its own separate creditor mailing matrix to the Clerk's office following the entry of an order converting the bankruptcy case.

3. The Debtors are authorized to file a single, consolidated Top 30 List in lieu of each Debtor filing a list of its twenty largest unsecured creditors.

4. During the interim period and subject to the entry of the final order, Debtor Pennsylvania Real Estate Investment Trust ("PREIT") is authorized to limit its disclosures under

Bankruptcy Rule 1007(a)(3) to the equity security holders that hold 5% or more of PREIT's common stock.

5.    During the interim period and subject to the entry of the final order, Debtor PREIT Associates, L.P. ("PREIT Associates") is authorized to limit its disclosures under Bankruptcy Rule 1007(a)(3) so as to be excused from disclosing the holders of the fractional limited partnership units in PREIT Associates.

6.    The final hearing (the "Final Hearing") on the Motion shall be held on **November 24, 2020 at 1:00 p.m. (prevailing Eastern Time)**.  Any objections or responses to entry of a final order on the Motion (each, an "Objection") shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on November 17, 2020**, and served on the following parties: (a) proposed counsel for the Debtors, DLA Piper LLP (US), 1201 N. Market Street, Suite 2100, Wilmington, Delaware 19801-1147 (Attn.: R. Craig Martin, Esq. [craig.martin@us.dlapiper.com], Stuart M. Brown, Esq. [stuart.brown@us.dlapiper.com] and Aaron S. Applebaum, Esq [aaron.applebaum@us.dlapiper.com]) and 444 West Lake Street, Suite 900, Chicago, Illinois 60606 (Attn.: Richard A. Chesley, Esq. [richard.chesley@us.dlapiper.com], Daniel M. Simon, Esq. [daniel.simon@us.dlapiper.com], Oksana Koltko Rosaluk, Esq. [oksana.koltkorosaluk@us.dlapiper.com], David E. Avraham, Esq. [david.avraham@us.dlapiper.com] and Tara Nair, Esq. [tara.nair@us.dlapiper.com]); (b) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington, DE 19801 (Attn.: Joseph J. McMahon, Jr., Esq. [joseph.mcmahon@usdoj.gov]); (c) counsel to the Agent under the Revolver/TL Credit Agreement, Seven Year Term Loan Agreement and Bridge Loan Credit Agreement, and the Consenting Lenders, (i) Jones Day, 250 Vesey Street, New York, New York 10281 (Attn.: Benjamin Rosenblum, Esq. [brosenblum@jonesday.com],

Stacey L. Corr-Irvine, Esq. [scooirvine@jonesday.com], and Danielle D. Donovan, Esq. [ddonovan@jonesday.com]) and (ii) Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801 (<u>Attn.</u>: Matthew P. Ward, Esq. [matthew.ward@wbd-us.com]); and (d) counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases. In the event no Objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

7. Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Interim Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Interim Order.

Dated: November 3rd, 2020  
Wilmington, Delaware

*/s/ Karen B. Owens*  
**KAREN B. OWENS**  
**UNITED STATES BANKRUPTCY JUDGE**