IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 20-12737 (KBO) |
| Pennsylvania Real Estate Investment Trust, *et al.* | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | Re: D.I. 15 |

**LIMITED OBJECTION TO PROPOSED PLAN OF
REORGANIZATION AND RESERVATION OF RIGHTS OF
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND
TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA**

Creditors The Prudential Insurance Company of America and Teachers Insurance and Annuity Association of America ("**WG Park Lenders**"), by and through their counsel, hereby file this *Limited Objection and Reservation of Rights* (the "**Objection**") with respect to the *Joint Prepackaged Chapter 11 Plan of Reorganization of Pennsylvania Real Estate Investment Trust and Certain of Its Direct and Indirect Subsidiaries* (Docket No. 15) (the "**Plan**")[1] and *Disclosure Statement Relating to the Joint Prepackaged Chapter 11 Plan of Reorganization of Pennsylvania Real Estate Investment Trust and Certain of Its Direct and Indirect Subsidiaries* (Docket No. 17) (the "**Disclosure Statement**"), and state as follows:

1. Prior to the Petition Date, WG Park Lenders provided a loan to non-Debtors WG Park, L.P. and WG Park – Anchor B LP (each a "**WG Park Borrower**" and collectively "**WG Park Borrowers**") in the original principal amount of $170,000,000 on or about September 21, 2015 (the "**WG Park Loan**").

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them as in the Plan.

USA.602669881.4/B7F

2.      Debtor PREIT Associates, L.P. ("**PALP**") executed certain guarantees of the obligations owed to WG Park Lenders by WG Park Borrowers under the WG Park Loan. PALP is also the ultimate owner of each WG Park Borrower.

3.      The WG Park Loan, the obligations WG Park Borrowers owe thereunder, and the real property securing these obligations fall outside of this bankruptcy. However, PALP's guarantees related to the WG Park Loan are governed by this bankruptcy case and the Plan.

4.      As a result, the language of the Plan creates certain uncertainties as to how WG Park Lenders will be treated. For instance, it is unclear whether: (a) WG Park Lenders' claims constitute Secured Property-Level Debt Claims or General Unsecured Claims; (b) PALP's guarantees related to the WG Park Loan and WG Park Lenders' claims related thereto will be specifically Reinstated (such as in accordance with §4.3 of the Plan); or (c) the restrictive provisions of, among others, Sections 4.9, 7.3, 7.4, 7.5, and 7.6 will apply to WG Park Lenders and their claims. WG Park Lenders understand, however, that Debtors intend to Reinstate all obligations and liabilities of PALP and rights and claims of WG Park Lenders against PALP as they relate to the WG Park Loan and related loan documents.

5.      Debtors and WG Park Lenders have been in discussion regarding potential language to modify the Plan or insert into the Order Confirming Plan that would clarify the concerns set forth in ¶4 of this Objection and otherwise raised with Debtors. On or about November 13, 2020, WG Park Lenders requested that the following language be added to any Order Confirming the Plan, which would address WG Park Lenders' issues and concerns with respect to the Plan and Disclosure Statement:

> Notwithstanding anything to the contrary in the Plan, the Plan Supplement, the Confirmation Order, or any other documents referenced therein (as any of the foregoing may be amended, modified, or otherwise changed), the loan documents and other

agreements evidencing or otherwise related to the loan made by The Prudential Insurance Company of America and Teachers Insurance and Annuity Association of America ("WG Park Lenders") on or about September 21, 2015 to non-Debtors WG Park, L.P. and WG Park – Anchor B LP (the "WG Park Loan") and all of WG Park Lenders' legal, equitable, contractual, or other rights and claims thereunder or in connection therewith shall remain unaltered and in full force and effect, enforceable by their terms against the parties thereto (whether Debtors or non-Debtors) and unaffected by the Debtors' bankruptcy proceedings or any filings or orders entered therein. All Claims held by WG Park Lenders against Debtors and all other parties related to the WG Park Loan, including all of Debtors' guarantees of any obligations owed in connection therewith, shall similarly remain unaltered, in full force and effect, and shall otherwise be Reinstated. For the avoidance of doubt, Section 4.3 of the Plan shall apply to reinstate Debtors' guarantees of or related to the WG Park Loan in full, and the restrictions set forth in Article VII of the Plan (including Sections 7.3, 7.4, 7.5, and 7.6) shall not affect WG Park Lenders' legal, equitable, and contractual rights or their Claims related to the WG Park Loan or Debtors' guarantees in connection therewith.

6. To the extent that Debtors and WG Park Lenders are not able to agree upon such proposed language, WG Park Lenders object to the Plan and their treatment thereunder. In the event that Debtors and WG Park Lenders come to such an agreement, WG Park Lenders will withdraw this Objection either directly or through language included in the Confirmation Order.

7. WG Park Lenders otherwise reserve all rights with respect to the Disclosure Statement, the Plan, any amendments to the foregoing, and any proposed confirmation order (or order approving the Disclosure Statement).

WHEREFORE, WG Park Lenders respectfully request that this Court deny approval of the Disclosure Statement and confirmation of the Plan unless and until Debtors and WG Park Lenders reach agreed-upon language addressing the concerns raised herein.

[*remainder of page intentionally left blank*]

Dated: November 16, 2020

Respectfully submitted:

**BRYAN CAVE LEIGHTON PAISNER LLP**
Jason J. DeJonker (IL Bar No. 6272128)
Nick Marcus (IL Bar No. 6334691)
161 North Clark Street, Suite 4300
Chicago, Illinois  60601-3315
Telephone:	(312) 602-5000
Facsimile:	(312) 602-5050
Email:		jason.dejonker@bclplaw.com
		nick.marcus@bclplaw.com

	-and-

**BRYAN CAVE LEIGHTON PAISNER LLP**

/s/ *Mark I. Duedall*
Mark I. Duedall (DE Bar No. 3346)
One Atlantic Center - Fourteenth Floor
1201 W. Peachtree Street, NW
Atlanta, Georgia  30309-3488
Telephone:	(404) 572-6600
Facsimile:	(404) 572-6999
Email:		mark.duedall@bclplaw.com

ATTORNEYS FOR WG PARK LENDERS

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing Limited Objection to Proposed Plan of Reorganization and Reservation of Rights of the Prudential Insurance Company of America and Teachers Insurance and Annuity Association Of America using the Court's CM/ECF filing system, which sends a notice of this filing and an accompanying link as service on all parties who have filed a notice of appearance in this case under the Court's CM/ECF system, pursuant to BLR 5005-8.

Dated: November 16, 2020

**BRYAN CAVE LEIGHTON PAISNER LLP**

/s/ *Mark I. Duedall*
Mark I. Duedall (DE Bar No. 3346)
One Atlantic Center - Fourteenth Floor
1201 W. Peachtree Street, NW
Atlanta, Georgia  30309-3488
Telephone:    (404) 572-6600
Facsimile:     (404) 572-6999
Email:  mark.duedall@bclplaw.com

ATTORNEYS FOR WG PARK LENDERS