IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             : Chapter 11
                                                                   :
PENNSYLVANIA REAL ESTATE INVESTMENT                                : Case No. 20-12737 (KBO)
TRUST, *et al.*,[1]                                                :
                                                                   : (Jointly Administered)
     Debtors.                                                      :
------------------------------------------------------------------ x **Re D.I.: 3 & 72**

### FINAL ORDER (I) AUTHORIZING THE DEBTORS (A) TO FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR AND (B) TO FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS AND (II) LIMITING THE REQUIREMENT AS TO CERTAIN EQUITY SECURITY HOLDINGS DISCLOSURES

This matter coming before this Court upon the motion (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors") for entry of a final order (this "Final Order") (i) authorizing the Debtors (a) to file a single, consolidated Creditor Matrix in lieu of submitting a mailing matrix for each Debtor and (b) to file a single, consolidated Top 30 List and (ii) limiting the compliance of Pennsylvania Real Estate Investment Trust and PREIT Associates, L.P. with the requirement of Bankruptcy Rule 1007(a)(3) with respect to their respective equity security holder lists (the "Equity List"), all as further described in the Motion; and upon consideration of the First Day Declaration; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, (ii) this Court may

---

[1] A list of the Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, is attached hereto as **Schedule 1**. The corporate headquarters and the mailing address for the Debtors is 2005 Market Street, Suite 1000, Philadelphia, PA 19103.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"); and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Final Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, on a final basis, as set forth in this Final Order.

2. The requirement that separate mailing matrices be submitted for each Debtor is waived, and the Debtors are authorized to submit a consolidated list of creditors; *provided, however*, that if any of the bankruptcy cases convert to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file and provide its own separate creditor mailing matrix to the Clerk's office following the entry of an order converting the bankruptcy case.

3. The Debtors are authorized to file a single, consolidated Top 30 List in lieu of each Debtor filing a list of its twenty largest unsecured creditors.

4. Debtor Pennsylvania Real Estate Investment Trust ("PREIT") is authorized to limit its disclosures under Bankruptcy Rule 1007(a)(3) to the equity security holders that hold 5% or more of PREIT's common stock.

5.      Debtor PREIT Associates, L.P. ("PREIT Associates") is authorized to limit its disclosures under Bankruptcy Rule 1007(a)(3) so as to be excused from disclosing the holders of the fractional limited partnership units in PREIT Associates.

6.      Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Final Order shall be immediately effective and enforceable upon its entry.

7.      The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted in this Final Order.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Final Order.

Dated: November 23rd, 2020
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE